**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CATHERINE SHELTON | ) | |
| | ) | |
| **Plaintiff** | ) | **Case Number** `3:12-CV-102 [DNH/DEP]` |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL COMPLAINT** |
| | ) | |
| **GOLD KEY CREDIT, INC.** | ) | |
| **&** | ) | |
| | ) | |
| **Defendant** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Catherine Shelton, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.      Plaintiff, Catherine Shelton, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Gold Key Credit, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (öFDCPAö), which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, as well as violations of New York General Business Law §349.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4.      Plaintiff, Catherine Shelton, is an adult natural person residing in Lake Grove, New York 11755.   At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Gold Key Credit, Inc., ("Defendant, Gold Key"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of Florida, with a location of 16070 Aviation Loop Drive, Brooksville, Fl 34604.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, Gold Key, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.      In or around August, 2011, the Plaintiff began receiving telephone calls from the Defendant on her home telephone number at eight o'clock in the morning.

8.      The Plaintiff states that the telephone messages did not state whom the Defendant was or what debt the Defendant was trying to collect for.

9.      The Plaintiff states that the Plaintiff contacted the Defendant at the number referenced in the messages.

10.     The Plaintiff contacted the Defendant and spoke to the Defendant's agent, "Kathy Cook", and asked for the company's name, address, and validation of the debt.

11.     The Defendant's agent, "Kathy Cook", did not supply the above information and asked the Plaintiff for her social security number to verify the Plaintiff's identity.

12.     The Client informed the Defendant's agent that the Plaintiff would not give out the social security number or pay any monies unless the Plaintiff verified the Defendant's identity and validated the debt for collection.

13.     The Defendant's agent, "Kathy Cook" threatened the Plaintiff that the Defendant would continue to call until such time the Plaintiff paid the debt.

14.     After the above referenced telephone call, the Plaintiff researched the company for their identity and address, through the telephone on a voice message left by the Defendant.

15.     On or around October 3, 2011, the Plaintiff sent a cease and desist letter to the Defendant's agent, "Kathy Cook" (**See a copy of "Exhibit A" attached hereto**).

16.     The Plaintiff states that the calls continued even after the cease and desist letter was sent to the Defendant.

17.     In or around December 29, 2011, the Plaintiff received a telephone call from the Defendant.

18.     The Plaintiff spoke to a man and informed the Defendant's agent that a cease and desist letter has been sent to the Defendant.

19.     The Plaintiff requested the Defendant stop calling and harassing the Plaintiff.

20.  The Plaintiff is attempting to survive cancer and is experiencing undue stress revolving around the Defendant's telephone harassment.

21.  The Defendant's agent stated the Defendant will be calling until the debt is paid off.

22.  The Plaintiff still does not know the nature of the debt.

23.  The Defendant, Gold Key, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

24.  The Defendant, Gold Key, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, Gold Key, could have taken the steps necessary to bring their actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25.  At all times pertinent hereto, Defendant, Gold Key, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, Gold Key, herein.

26.  At all times pertinent hereto, the conduct of Defendant, Gold Key, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.  As a result of Defendant, Gold Key's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and

mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I - FDCPA**

### **Plaintiff v. Gold Key Credit, Inc.**

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant, ARS, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a õdebtö as defined by 15 U.S.C. § 1692a(5).

30.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(c) | After written notification that consumers refuses to pay debt, or that consumer wants collector to cease communication. |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692d(6) | Placed telephone calls without disclosing his/her identity |

| | |
|---|---|
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(a)(4) | Must have right to have verification/judgment mailed to consumer |
| §§ 1692g(b) | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Gold Key, for the following:

a.    Actual damages;

b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

### Plaintiff v. Gold Key Credit, Inc.

31.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

32.     Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

33.     GBL §349 provides in relevant part as follows:

(a)     Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h)     In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual

damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing Plaintiff.

34.    As a direct and proximate result of Defendant, Gold Key, deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant, Gold Key.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, Gold Key, and Order the following relief:

a.    Actual damages;

b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  January 18, 2012**          **BY:/s/Bruce K. Warren**

Bruce K. Warrens, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800    Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff